## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAZEM MOUSAVI,<br><br>                    Plaintiff,<br><br>v.<br><br>JOHN CHRISTNER TRUCKING, LLC and<br>THREE DIAMOND LEASING, LLC,<br><br>                    Defendants. | CIVIL ACTION NO.: |

## PLAINTIFF KAZEM MOUSAVI'S BRIEF IN SUPPORT OF MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION DATED AUGUST 2, 2019 SERVED ON T-MOBILE SUBPOENA COMPLIANCE DEPARTMENT

On the Brief:   Morgan S. Morgan, Esq.
                DAY PITNEY LLP
                1 Jefferson Road
                Parsippany, NJ  07054
                973.966.6300
                mmorgan@daypitney.com

103490685.2

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ........................................................................................1

   I.   STATEMENT OF FACTS ........................................................................................1

   II.   ARGUMENT ........................................................................................3

      A.   The Records Requested By Defendant are Confidential, Irrelevant, and Overbroad.......4

   III.   CONCLUSION............................................................................................9

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ademiluyi v. Phillips*,
    No. 2:14-cv-507-MMD-CWH, 2014 WL 7012493 (D. Nev. Dec. 12, 2014) ..........................4

*Clark v. Johnson*,
    No. 14-cv-582-JED-PJC, 2015 WL 4694045 (N.D. Okla. Aug. 6, 2015) .................. 3, 4, 5, 7

*Clay v. Lambert*,
    No. 17-cv-85-PAB-MEH, 2017 WL 4755152 (D. Colo. Sept. 20, 2017).......................4, 5, 7

*Doe v. City of San Diego*,
    No. 12-cv-689, 2013 WL 2338713 (S.D. Cal. May 28, 2013) .................................................6

*Hendricks v. Total Quality Logistics, LLC*,
    275 F.R.D. 251 (S.D. Ohio 2011) .........................................................................................4

*Herff Jones, Inc. v. Okla. Graduate Servs., Inc.*,
    No. Civ-06-709-M, 2007 WL 2344705 (W.D. Okla. Aug. 15, 2007) .....................................5

*Kazem Mousavi v. John Christner Trucking, LLC et al.*,
    Case No. 19-CV-00003-CVE-JFJ ..........................................................................................1

*Kizer v. Starr Indem. & Liab. Co.*,
    No. Civ-18-846-D, 2019 WL 2017556 (W.D. Okla. May 6, 2019)....................................5, 7

*Morano v. Slattery Skanska, Inc.*,
    846 N.Y.S. 2d 881 (N.Y. 2007) ............................................................................................5

*Syposs v. United States*,
    181 F.R.D. 224 (W.D.N.Y. 1998).......................................................................................4, 5

*Winter v. Bisso Marine Co., Inc.*,
    No 13-5191, 2014 WL 3778833 (E.D. La. July 29, 2014) .....................................................4

**Statutes**

18 U.S.C. § 2510 *et seq* ..............................................................................................................2

42 U.S.C. § 1981..........................................................................................................................2

**Rules**

Fed. R. Civ. P. 45(d)(3)(A)...........................................................................................................1

Fed. R. Civ. P. 45(d)(3)(A)(iii) ..................................................................................................4

## **PRELIMINARY STATEMENT**

Plaintiff Kazem Mousavi ("Plaintiff" or Mousavi") requests this Court to quash a subpoena served by Defendant John Christner Trucking, LLC ("Defendant" or "JCT") on T-Mobile Subpoena Compliance Department, 4 Sylvan Way Parsippany, NJ 07054. A copy of the subpoena is attached as Exhibit 1 to the Certification of Mark Salah Morgan ("Morgan Cert."). The subpoena seeks all of Plaintiff's cell phone records between April 6, 2017 at 8:00 a.m. (CST) and May 5, 2017 at 8:00 a.m. (CST). This case is currently pending in the Federal District of the Northern District of Oklahoma, styled *Kazem Mousavi v. John Christner Trucking, LLC et al.*, Case No. 19-CV-00003-CVE-JFJ. The place of compliance listed on the subpoena, however, is located in New Jersey. Thus, under Federal Rule of Civil Procedure 45(d)(3)(A), Plaintiff must bring his motion to quash in this Court, "the court for the district where compliance is required." As discussed below, these records are private, confidential, irrelevant, and amount to a pure fishing expedition designed to harass Plaintiff, and this Court should quash or modify the subpoena accordingly.

## I.    STATEMENT OF FACTS

Mousavi began working as a semi-truck driver for JCT in 2012. On approximately April 6, 2017, JCT installed a camera in Mousavi's semi-truck without informing him that the camera would be recording audio inside of his cab.

Approximately two weeks after installation, an employee of JCT informed Mousavi that she had been listening to his conversations, stating that she loved listening to him speak in his native tongue. Mousavi, paranoid and anxious from his employer's blatant privacy invasion, asked his supervisor to remove the camera, but his supervisor refused. Mousavi returned to his home in California to see a doctor regarding his anxiety and informed JCT that he was not fit to drive due to the mental anguish he was experiencing from being surveilled. Knowing that Mousavi was unfit to drive, JCT asked him to return to the road. On May 5, 2017, at 9:45 a.m. (CST), Mousavi tipped over his truck on a narrow road in rural Missouri. Four days later, JCT fired him.

On January 3, 2019, Mousavi filed the above referenced action in the Northern District of Oklahoma. In his Complaint, Mousavi asserted claims against JCT for (1) a violation of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510 *et seq.*, (2) discrimination in violation of 42 U.S.C. § 1981, (3) an invasion of his right of seclusion, (4) negligence per se, and (5) breach of contract. Mousavi further alleged a separate breach of contract claim against Three Diamond Leasing, a subsidiary of JCT. Mousavi's negligence per se claim and his discrimination claim were dismissed on April 19. (Dkt. #25.) Mousavi currently has a Motion to Amend his Complaint pending. (Dkt. # 39.)

On August 2, 2019, Defendant issued a subpoena to T-Mobile Subpoena Compliance Department, 4 Sylvan Way Parsippany, NJ 07054 for the following records:

> Any and all cell phone records in your possession, custody or control relating to cellular number (310) 735-7075, whether existing in print or electronic form, including but not limited to:
>
>> a. Produce all records in your possession, custody or control evidencing any and all calls attempted, originated or received at phone number (310) 735-7075 beginning April 6, 2017 at 8:00 a.m. (CST) to May 5, 2017 at 8:00 a.m. (CST); and
>>
>> b. Produce all records in your possession custody or control relating to data usage, cell tower data, downloads and text messages, text message log evidencing messages sent and received, which were originated or received at phone number (310) 735-7075 beginning April 6, 2017 at 8:00 a.m. (CST) to May 5, 2017 at 8:00 a.m. (CST).

Exhibit 1 at 2.

Plaintiff's counsel contacted Defendant's counsel on August 15 about his concerns with the subpoena. After discussing the scope of the subpoena, the two sides could not come to an agreement. *See* Exhibit 2, Email Correspondence between Deric McClellan and Nicholaus Hancock, dated August 16, 2019 attached to the Morgan Cert.

## II.  ARGUMENT

Generally a party to a lawsuit lacks standing to challenge a subpoena served on a third party. See *Clark v. Johnson*, No. 14-cv-582-JED-PJC, 2015 WL

4694045, at *1 (N.D. Okla. Aug. 6, 2015). However, numerous courts have held that an individual has a personal interest sufficient to give him standing to challenge a subpoena for discovery of personal information in the custody of a third party, such as cell phone records. *Id.* at *2; *see also Ademiluyi v. Phillips*, No. 2:14-cv-507-MMD-CWH, 2014 WL 7012493, *2 (D. Nev. Dec. 12, 2014); *Winter v. Bisso Marine Co., Inc.*, No 13-5191, 2014 WL 3778833, *2 (E.D. La. July 29, 2014); *Syposs v. United States*, 181 F.R.D. 224, 227-28 (W.D.N.Y. 1998). Thus, Mr. Mousavi has standing to challenge the subpoena at issue here.

A. **The Records Requested By Defendant are Confidential, Irrelevant, and Overbroad**

Federal Rule of Civil Procedure 45(d)(3)(A)(iii) states that a court "must quash or modify a subpoena that: (iv) requires disclosure of privileged or other protected matter, if no exception or wavier applies." Moreover, while "Rule 45 does not list irrelevance or over breadth as reasons for quashing a subpoena . . . courts have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011); *see also Clay v. Lambert*, No. 17-cv-85-PAB-MEH, 2017 WL 4755152, at *2 (D. Colo. Sept. 20, 2017) ("A subpoena served on a third party pursuant to Rule 45 of the Federal Rules of Civil Procedure is subject

to the same standards that govern discovery between the parties—it must seek relevant information and be proportional to the needs of the case.").

It is beyond dispute that individuals have a privacy interest in their personal cell phones. *See Syposs*, 181 F.R.D. at 227 (stating that a person "maintains a legitimate interest in preserving the confidentiality of [cell phone] records against"); *see also Morano v. Slattery Skanska, Inc.*, 846 N.Y.S. 2d 881 (N.Y. 2007) (recognizing a privacy interest in cell phone records). And because of that privacy interest, courts generally require the records to be directly relevant to a party's claim or defense. *Herff Jones, Inc. v. Okla. Graduate Servs., Inc.*, No. Civ-06-709-M, 2007 WL 2344705, at *3 (W.D. Okla. Aug. 15, 2007).

In addition to requiring that requests for cell phone records be relevant, courts frequently limit the time scope of records to be produced, the telephone numbers to be disclosed, and the purpose for which the records can be used if the request is overbroad. *Clark*, 2015 WL 4694045, at *3 (modifying subpoena that requested six months of cell phone records to allow only one hour of relevant records); *Clay*, 2017 WL 4755152, at *3 (citing cases) (modifying subpoena to request only relevant information); *Kizer v. Starr Indem. & Liab. Co.*, No. Civ-18-846-D, 2019 WL 2017556, at *3 (W.D. Okla. May 6, 2019) (modifying overbroad cell phone records subpoena).

Defendant's subpoena should be quashed because the information sought is grossly overbroad and irrelevant. The most egregious request Defendant makes is a record of every text message sent or received by Plaintiff for a month-long period. During a phone conversation discussing the subpoena, counsel for Defendant noted that T-Mobile would not provide Plaintiff's actual text messages, but rather, would only provide a text log. However, Defendant's subpoena asks for both "downloads and text messages," as well as "text message log evidencing messages sent and received." Exhibit 1 at 2. If Defendant does not seek records of actual text messages sent and received by Plaintiff, then it should not have placed such a request in a document requiring third-party compliance under penalty of contempt.[1] The request is such a gross invasion of privacy that it is hard to imagine anything other than a bad faith motive on the part of Defendant, using this request as a scare tactic to intimidate Plaintiff and discourage him from continuing to pursue his claims. Regardless of any contention made by Defendant that T-Mobile will not actually produce the substance of Plaintiff's text messages, this Court should provide clear guidance to T-Mobile and quash the subpoena as to those records.

---

[1] Moreover, Defendant's subpoena for Plaintiff's text messages asks T-Mobile to violate federal law. *See Doe v. City of San Diego*, No. 12-cv-689, 2013 WL 2338713 (S.D. Cal. May 28, 2013) ("Accordingly, the Court concludes that the [Stored Communications Act] prohibits Verizon from disclosing the content of any test messages or BBIMs sought by the City's subpoena.").

Defendant also seeks Plaintiff's call logs for an entire month. While this data is obviously much less personal and worthy of protection than Plaintiff's text messages, it is still irrelevant to this case. There is no "smoking gun" phone call in this lawsuit that Defendant must verify to bolster one of its claims or defenses, and district courts are quick to modify requests for call log records to only those times that defendants can prove are relevant. *Clark*, 2015 WL 4694045, at *3 (modifying subpoenas that requested six months of cell phone records requested to allow only one hour of relevant records); *Clay*, 2017 WL 4755152, at *3 (citing cases) (modifying subpoena to request only relevant information); *Kizer*, 2019 WL 2017556, at *3 (modifying overbroad cell phone records subpoena). Defendant claims that the reason for the request is to compare Plaintiff's phone usage before he discovered he was being recorded to his phone usage after he discovered he was being recorded. This, Defendant claims, can show whether Plaintiff's phone usage habits actually changed (as Plaintiff is alleging that after he discovered he was being recorded by Defendant, he would not talk at length on the phone to his family for fear of being surveilled). But Defendant does not need Plaintiff's call log for the period before April 20, 2017 (the approximate date Plaintiff discovered he was being recorded) to determine the duration of his calls after he discovered he was being recorded. There is no need for the comparison, and thus, the Court should modify the subpoena accordingly.

103490685.2

-7-

Defendant also seeks records of Mousavi's text message log, indicating who he sent text messages to and at what time. Defendant does not have a legitimate reason for seeking these records other than to harass Plaintiff. The Court should likewise quash the production of these documents as well.

Finally, Defendant does not need records of Plaintiff's data usage. Cell phone data is consumed when a user is not connected to WiFi and is browsing the internet, running apps, checking email, streaming videos, etc. Defendant could not possibly need this information, and the fact that it is included in its request highlights the arbitrary nature of the subpoena as a whole.

For the above reasons, this Court should quash Defendant's subpoena in its entirety, as the information sought is irrelevant to this case. In the alternative, if this Court does determine that some of the information sought by Defendant is relevant, the subpoena is still grossly overbroad, and this Court should modify the subpoena to only encompass those relevant records, balancing the fact that Plaintiff has a protected privacy interest in the contents of his cell phone records.

## III.    CONCLUSION

This entire case is centered on Defendant's illicit recording of Plaintiff. Defendant has now come full circle by attempting to invade Plaintiff's privacy once again, for no other reason than to intimidate him and sap his will to litigate any further. This Court should quash Defendant's subpoena in its entirety, or, in the alternative, modify it to only encompass those records that are relevant.

Respectfully submitted,

*/s/ Mark S. Morgan*
Morgan S. Morgan, Esq.
DAY PITNEY LLP
1 Jefferson Road
Parsippany, NJ 07054
973.966.6300'=
mmorgan@daypitney.com
Attorneys for Plaintiff
Kazem Mousavi